Tracy et al., Appellees, v. Otsego Board of Education et al., Appellants.

[Cite as Tracy v. Otsego Bd. of Edn. (1983), 6 Ohio St. 3d 305.]

(No. 82-1745—Decided August 31, 1983.)

Gallon, Kalniz & Iorio Co., L.P.A., Mr. Ted Iorio and Ms. Tobie Braverman, for appellees.

Mr. Robert C. Pollex, prosecuting attorney, Messrs. Baker & Hostetler, Mr. Don H. Pace and Mr. James D. Tomola, for appellants.

*Per Curiam.* The issue presented here is whether the board's failure to comply with the stated provision of the collective bargaining agreement constituted an actionable breach of the agreement.

The board takes the position that there was no breach of the agreement which was actionable, in that the aforestated provision was unenforceable as being in conflict with R.C. 3319.11, which governs the procedures to be followed by the board for the nonrenewal of limited teaching contracts.

R.C. 3319.11 provides, in pertinent part, that:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. * * *"

The appellants further argue that school boards in Ohio lack the authority to restrict or condition the nonrenewal procedures set forth in R.C. 3319.11, and that any contract provision which would purport to establish such restrictions or conditions would be invalid and unenforceable.

In *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127 [70 O.O.2d 223], this court considered the scope of authority of school boards to enter collective bargaining agreements, and held, in the first paragraph of the syllabus, that:

"A board of education is vested with discretionary authority to negotiate and to enter into a collective bargaining agreement with its employees, so long as such agreement does not conflict with or purport to abrogate the duties and responsibilities imposed upon the board of education by law."

Accordingly, the appellants argue that R.C. 3319.11 as interpreted by this court in *Dayton Teachers,* prohibits the board from entering into an agreement which provides that the reason for nonrenewal be given the teacher at least ten days prior to the board's action. This provision, argues the board, effectively restricts the right of the school board not to renew a limited contract of teaching.

The only requirement imposed upon the board found in this collective bargaining agreement is that of notification in writing of the reasons for the

nonrenewal in cases involving teachers who had been employed by the school system for five years or more. It was the view of the court of appeals, and it is our view, that this provision does not restrict the board's continued right to nonrenew for any reason it deems necessary. Accordingly, we hold that such provision is not in conflict with R.C. 3319.11. The provision only requires the board to inform the affected teacher of the reason for the nonrenewal. We conclude that the imposition of this obligation upon the board would, in many instances, provide the affected employee with information which might permit the employee to correct misinformation or remedy a professional problem pertinent to that particular employment, or could serve to assist the employee in correcting a problem which would enhance his or her professional status generally. The slight restriction upon the board's procedural right to nonrenew limited contracts is considerably outweighed by the possible values of such information to the affected teachers.

Finally, the appellants argue that by entering final judgment against them, the court of appeals exceeded the authority granted in App. R. 12 (B). We agree.

The trial court dismissed this cause pursuant to Civ. R. 12 (B)(6). In the trial court's opinion the contractual provision relied upon was unenforceable because it conflicted with R.C. 3319.11. App. R. 12 (B) authorized the court of appeals to reverse the trial court's judgment. The court of appeals properly did so. However, App. R. 12 (B) does not "* * * extend authority to the Court of Appeals beyond that granted the trial court." *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77, 80 [63 O.O.2d 119].

The court of appeals, erroneously relying on App. R. 12 (B), rendered final judgment as a matter of law for plaintiffs and held "that appellee's failure to comply with the provisions of the collective bargaining agreement constituted a breach of said agreement, and that Appellant Hazel Tracy be, and hereby is, reinstated to her position prior to non-renewal and is further awarded an amount equal to her lost wages, with all attendant fringe benefits, for the period from her non-renewal to her reinstatement."

As the trial court was not empowered by Civ. R. 12 (B)(6) to enter final judgment against the movant, App. R. 12 (B) is not a vehicle for the court of appeals to so act. Therefore, the court of appeals improperly entered final judgment against the appellants.

Based on the foregoing, we affirm the judgment of the court of appeals in part, reverse in part, and remand this cause to the trial court for further proceedings not inconsistent with this opinion.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.